M. AMMERMAN v. F. C. VOSBURG, Appellant.

**Garnishment:** NOTICE TO PRINCIPAL DEFENDANT: *Construction of statute.* A notice of suit in justice court stated that an attachment had been issued, and a railroad company named had been attached as garnishee. *Held,* sufficient notice of the garnishment proceedings, under the Code, section 2975, providing that no judgment shall be entered in garnishment proceedings until the principal defendant shall have had personal notice thereof.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

THURSDAY, APRIL 8, 1897.

ACTION on an account, aided by attachment, in which the Chicago, Milwaukee & St. Paul Railway Company is attached as garnishee  The following is the notice of the action served on the defendant: "Justice Notice. To F. C. Vosburg—Sir: You are hereby notified that M. Ammerman claims of you thirty-one dollars and eighty-four cents, justly due him from you for and on account of goods, wares, and

merchandise sold and delivered to you in the years 1893, 1894, and 1895; and you are further notified that a writ of attachment has been issued, and the C., M. & St. P. R. Co. has been attached as garnishee, and unless you appear at the office of Milton Tanksley, a justice of the peace in and for Spring Valley township, Dallas county, Iowa, on the seventh day of January, A. D. 1895, at 9 o'clock A. M., and make defense to said claim, judgment will be rendered against you for the full amount, with interest and costs. Given under my hand at Perry, Iowa, this first day of January, 1895. Milton Tanksley, Justice of the Peace." No other notice was served of the garnishment proceedings. On the return day of the notice the agent of the garnishee appeared and answered, admitting an indebtedness of thirty-seven dollars, for which judgment was entered; and the amount was paid into court, and condemned to the satisfaction of plaintiff's judgment and costs. This judgment was entered at the time of entering judgment against the defendant. Thereafter, appellant moved the justice of the peace to set aside the judgment against the garnishee and release the fund on the ground that it was exempt as wages to the head of a family, which was refused, and the cause was taken to the district court on writ of error, which court sustained the action of the justice, and from the judgment therein entered the defendant appealed.— *Affirmed.*

*White & Clarke* and *H. A. Hoyt* for appellant.

*E. E. Nichols* for appellee.

GRANGER, J.—The case is before us on a certificate of the trial judge presenting a question as follows: "Was the statement contained in said original notice,

'and you are further notified that a writ of attach·
ment has been issued, and the C., M. & St. P. R. Co.
has been attached as garnishees,' a sufficient notice to
the defendant of the pendency of garnishment pro-
ceedings, to give the justice jurisdiction to render
judgment against said garnishee, condemning the fund
in its hands to the satisfaction of plaintiff's judgment,
no other notice of any kind having been served upon
the defendant in said case? If the foregoing question
is answered in the affirmative, the judgment of this
court should be affirmed; if in the negative, it
should be reversed." Appellant relies on a pro-
vision of the Code, section 2975, which treats of
the subject of garnishment as follows: "But no
judgment shall be entered in any garnishment
proceedings, condemning the property or debt, in
the hands of the garnishee, until the principal
defendant shall have had ten days' notice of
such proceedings.   *   *   *   If the case is pend-
ing before a justice of the peace, the defendant
shall have at least five days' personal notice of such
proceeding." The requirement of the statute is that
the principal defendant shall have notice of the gar-
nishment proceeding. In this case the notice is that
a writ of attachment has been issued, and that the
railway company has been attached as garnishee.
Appellant's thought is that this notice must be " of
the institution of condemnation proceedings," which
we understand to mean after judgment against the
defendant, when proceedings may be had against the
garnishee. We do not think that. The notice fully
apprised defendant that such proceedings were insti-
tuted. He knew of the return day of the notice, and
that his default would authorize judgment against
him. He must, or at least should, have under-
stood that, with the notice he had, the garnishment

proceedings would follow, and he, of course, knew of the indebtedness. His opportunities were abundant to protect his rights. The judgment is AFFIRMED.